Opinion approved by the Court.

**AMERICAN EMPIRE LIFE INSURANCE COMPANY, Appellant,**

v.

**Aline BRYAN et al., Appellees.**

**No. 16327.**

Court of Civil Appeals of Texas.

Fort Worth.

May 4, 1962.

Spurlock, Schattman & Jacobs, and Kenneth M. Cole, Jr., Fort Worth, for appellant.

Bagby & Atkins, and Bill Atkins, Arlington, for appellees.

MASSEY, Chief Justice.

The proper disposition of the appeal in the instant case is determinable against the appellant insurance company if we can correctly decide that a certain judgment entered by a trial court was neither void nor incomplete.

We are of the opinion that such judgment was neither void nor incomplete. Such was a summary judgment, dated April 10, 1961, under Cause No. 16776-C, styled Aline Bryan v. National Hospital and Life Insurance Company. Therein the trial court decreed the existence of said company's liability under and by reason of a policy of surgical and hospitalization insurance issued by it to Aline Bryan, and then proceeded to decree the extent and amount of the company's liability to Aline Bryan. In other words, the trial court applied the provisions of the policy of insurance for payment of certain benefits conditioned upon stated contingencies, such as reasonable amounts charged by a surgeon for surgical services necessarily performed upon the person of Aline Bryan, to the items set forth in the claim for benefits submitted to it by Aline Bryan, and computed the amount of the company's liability to her as $552.50, for which sum judgment was rendered.

It appears that the attorneys for the aforesaid company, which was the predecessor company of appellant American Empire Life Insurance Company, either labored under the impression that no judgment of any kind had been rendered and entered by the trial court, or that the judgment was merely an interlocutory order which decreed liability to Aline Bryan under the policy, but with the matter of the extent and amount thereof left for determination as in a case where there is a genuine issue as to the amount of damages. See Texas Rules Civ. Procedure 166-A "Summary Judgment", Sub. (a), "For Claimant".

An appeal could have been perfected from the judgment entered under Cause No. 16776-C, but was not. Appellant company recognizes the fact, and, in view of the fact that the judgment had become final, with attendant circumstances such that the company was unable to qualify it-

self as a proper petitioner for bill of review, decided to seek relief through a suit for an injunction to prohibit the levy of execution under its authority. The threat of such a levy was shown to exist, and the trial court did grant a temporary restraining order pending a hearing, but on hearing refused temporary injunction. It is from the decree of the court in denial of temporary injunction that the appeal has been taken.

There being no doubt but that the summary judgment entered in Cause No. 16776-C did purport to decree the extent and amount of the company's liability, as well as the existence of such liability under the insurance policy, the question is posed as to whether the court had power to adjudicate the amount of such liability. The appellant says that it constituted unliquidated damages and that as such could not be the subject of a decree in a summary judgment. In determining the question we should not and will not test the state of the record before the trial court on the hearing of the motion for summary judgment in an examination into the propriety of such judgment, but must assume that the record did support the action if within the power of such court to decree the extent and amount as well as the existence of liability.

Obviously there may be a hearing of a motion for summary judgment in which the issue is the existence of liability, coupled with agreement and stipulation of the parties as to the extent and amount thereof if and in the event the court hearing the same should properly determine as a matter of law that liability did exist. It is also conceivable that the contract under test as to the existence of liability might have provided for liquidated rather than unliquidated amounts if and in the event such liability existed.

■ We are therefore of the opinion that it would be necessary to examine the state of the admissible and admitted evidence, properly before the court upon the hearing, to positively hold that the extent and amount of the liability was liquidated or

unliquidated, and if the latter that the condition of the record before the court hearing the same foreclosed any propriety of a decree fixing the extent and amount of the liability. To determine that the judgment was void by reason of the fact that it decreed liability for an amount unliquidated, where summary judgment would be ordinarily improper, would be to review the record as though an appeal had been brought forward. This we cannot do, no appeal having been perfected from the judgment rendered in Cause No. 16776-C.

■ Nor may we, in view of the form of the proceeding from which the appeal was taken, examine the condition of the pleadings before the Court in Cause No. 16776-C to determine whether the judgment was supported thereby. Appellant says that the prayer for relief in such case was only "that upon final hearing hereof plaintiff have judgment against defendant for the amount of her claim hereinabove set forth", with no amount for which the company was allegedly liable having been set forth in the pleading. No doubt this was true, but like other defects in the pleading of a plaintiff the omission of a demand for judgment may be waived where the defendant proceeds to trial and judgment without having timely challenged the pleading for the defect. McDonald, Texas Civil Practice, p. 603 "Pleading: Petition", sec. 6.24, "Prayer". If there was such a challenge or exception, complaint of the erroneous action in proceeding with the hearing of the motion for summary judgment could have been made in a point of error on an appeal taken from the judgment entered. This is not such an appeal. We are obliged to treat any defects in Aline Bryan's pleading as having been waived.

■ We have discussed the conditions by reason of which appellant company contends that the summary judgment in Cause No. 16776-C was void and/or incomplete. We hold against its contentions. Although we agree with the authorities cited for the proposition that a denial of temporary in-

junction may necessarily constitute an abuse of discretion in instances where the facts are such that solely questions of law are presented and where proper application of the law would require that such relief be granted, we cannot agree that proper application of the law in the instant case would require the granting of such a decree. Indeed, we are of the opinion that proper application of the law in this case made it requisite that the temporary injunction be denied.

Affirmed.

BOYD, J., not participating.